UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
MAR 2 7 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-299-GWU

TERRY J. GILBERT,             PLAINTIFF,

VS:            <u>MEMORANDUM OPINION</u>

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT,

## INTRODUCTION

Terry Gilbert brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. <u>Id</u>. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Id</u>.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Gilbert, a 54 year-old former telephone company installer/technician, truck driver, flagman, and heavy equipment operator with a high school education, suffered from impairments related to a herniated disc at L5-S1 and an anxiety disorder. (Tr. 16, 22). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 25). Since the claimant's past relevant work as a flagman could still be performed, he could not be considered totally disabled. (Tr. 25-26). In the alternative, the ALJ also determined that a significant number of other jobs could still be done. (Tr. 26).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Gilbert could return to his past flagman work, the ALJ relied heavily upon the information provided by Vocational Expert William Ellis.

5

The hypothetical question presented by the ALJ included an exertional limitation to light level work along with such non-exertional restrictions as (1) an inability to more than occasionally crawl or climb ladders, ropes and scaffolds; (2) a limitation to simple, repetitive, non-detailed tasks where co-worker and public contact would be casual and infrequent with direct, non-confrontational supervision and where changes in the workplace were gradually introduced. (Tr. 366). In response, Ellis testified that the plaintiff's past flagman work could still be performed. (Tr. 367). The ALJ later added a sit/stand option. (Tr. 367). The witness indicated that while the past work would be precluded, a significant number of other jobs would remain. (Tr. 367). Therefore, assuming that the vocational factors considered by Ellis fairly depicted the claimant's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The administrative decision is supported by the opinion of Dr. Timothy Kriss, an examining consultant. Dr. Kriss reviewed a February, 2003 MRI Scan of Gilbert's lumbar spine as well as January, 2003 x-rays of his left hip, pelvis, and lumbar spine. (Tr. 338). Despite the presence of a central disc herniation at L5-S1, no nerves were being compressed and the plaintiff had no sign of radiculopathy. (Tr. 338). He was noted to be neurologically intact and had no spinal instability. (Tr. 338). The doctor noted many signs of symptom magnification upon physical examination. (Tr. 338). Dr. Kriss opined that there was no objective medical reason the plaintiff could not return to his past flagman work. (Tr. 338).

The Court notes that such treating and examining sources as the staff at Memorial Hospital (Tr. 147-155) and Dr. Steven Spady (Tr. 156-223) did not identify the existence of more severe physical restrictions than those found by

6

the ALJ. The hypothetical question was also consistent with the physical restrictions identified by Dr. Kenneth Phillips (Tr. 254-264) and Dr. Calixto Hernandez (Tr. 265-273), the non-examining medical reviewers. These reports provide additional support for the administrative decision.

Dr. John Gilbert treated Gilbert between April, 2003 and September, 2003. (Tr. 232-235). While Dr. Gilbert reported that the plaintiff had been unable to return to work (Tr. 233), the physician did not actually opine that he was permanently disabled nor impose more severe physical restrictions than those found by the ALJ.

Dr. Robert Johnson examined Gilbert and opined that he would be totally disabled. (Tr. 327). His opinion was offset by that of the equally-placed Dr. Kriss.

Dr. Robert Hoskins, another examiner, opined that Gilbert would not be able to return to any of his past work and also reported the existence of more severe limitation with regard to sitting, standing, stooping and bending than was found by the ALJ. (Tr. 316). This opinion is also offset by that of Dr. Kriss.

The record also contains a Residual Functional Capacity Questionnaire completed by Physician's Assistant Crystal Smith. (Tr. 329-334). Under the federal regulations, Smith was not an "acceptable medical source" whose opinion would be binding on the ALJ. 20 C.F.R. Section 404.1513. Furthermore, Smith appears to have related her restrictions primarily to pain complaints and not provided sufficient objective medical data.

With regard to Gilbert's mental condition, the undersigned finds no error. The mental factors of the hypothetical question were consistent with those indicated by Psychologist Gary Maryman, an examining consultant. (Tr. 252). More severe mental limitations were not indicated by the plaintiff's treating

7

source at the Cumberland River Comprehensive Care Center (Tr. 224-227, 236-247, 341-342). Psychologist Ilze Sillers, a non-examining medical reviewer, did identify a limitation relating to attention and concentration which was not presented in the hypothetical question. (Tr. 274). This opinion was outweighed by that of Maryman, the examiner, who opined that the plaintiff would have the ability to sustain concentration to perform work activities. (Tr. 252). Furthermore, the claimant has not noted any evidence which would indicate that, even if the ALJ erred in failing to include this as a restriction, then the past work could not be done. Therefore, substantial evidence supports this portion of the administrative decision.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the _27_ day of March, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8